**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000454
18-APR-2019
08:19 AM**

NO. CAAP-18-0000454

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CELESTE BAKER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTC-17-035154)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Celeste Baker (**Baker**) appeals from

the January 28, 2018 Notice of Entry of Judgment and/or Order and

Plea/Judgment (**Judgment**) entered by the District Court of the

First Circuit (**District Court**)[1] in favor of State-Appellee the

State of Hawai'i (**State**), as well as the District Court's May 7,

2018 Notice of Entry of Judgment and/or Order and Plea/Judgment

(**Restitution Order**).[2]

Baker was charged with Accidents Involving Damage to

Vehicle or Property in violation of Hawaii Revised Statutes (**HRS**)

---

[1]    The Honorable Randal I. Shintani presided.

[2]    The Honorable William M. Domingo presided.

§ 291C-13 (Supp. 2018).[3] Following a bench trial, Baker was found guilty, and the District Court imposed certain fines and fees and ordered restitution in the amount of $2,262.

Baker asserts five points of error on appeal, contending that: (1) there was insufficient evidence to sustain her conviction; (2) the Complaint and subsequent oral charge did not adequately notify her of the offense for which she was charged; (3) the District Court erred in ordering restitution because the complaining witness Megumi Moon's (**Moon's**) damages were not the result of the criminal conduct for which Baker was adjudged; (4) the District Court erred in ordering restitution without a reasonable and verified restitution request; and (5) the District Court erred in ordering restitution because it failed to comply with HRS § 706-646.

---

[3] HRS § 291C-13 provides in relevant part:

> **§ 291C-13 Accidents involving damage to vehicle or property.** The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary.

HRS § 291C-14 (2007) provides in relevant part:

> **§ 291C-14 Duty to give information and render aid.** (a) The driver of any vehicle involved in an accident resulting in . . . damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to . . . the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident[.]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Baker's points of error as follows:

(1) Baker contends that the District Court erred in entering a guilty verdict, because the State failed to present sufficient evidence that Baker violated HRS § 291C-13, as the State failed to establish that Baker's stop, made in order to comply with the statute, was "made without obstructing traffic more than necessary." Baker further asserts that by subsequently providing information about the collision to HPD Officer Brandon Kam (**Kam**), she "fulfilled the information disclosure as required."

In order to convict Baker under HRS § 291C-13, the State was required to prove that: (1) her vehicle was involved in an accident resulting only in damage to a vehicle or other property that was driven or attended by any person; (2) she failed to immediately stop at the scene or as close thereto as possible; and (3) she failed to remain there until she fulfilled the requirements of HRS § 291C-14, which included, *inter alia*, providing her name, address, and vehicle registration number to Moon. HRS §§ 291C-13, 291C-14; State v. Gartrell, 9 Haw. App. 156, 158, 828 P.2d 298, 299-300 (1992).

Construing the evidence in the light most favorable to the prosecution, there was substantial evidence to support the conviction. The State presented testimonial evidence from Moon

that her vehicle was struck by a Jeep driven by Baker, resulting in damage to Moon's vehicle. Additionally, it is undisputed that Baker left the accident scene before providing any information other than her first name to Moon. Although Baker asserts that she remained where the parties had agreed to meet away from the scene, the District Court did not credit her testimony in this regard at trial, and this court will not pass upon the decisions of the trier of fact with respect to the credibility of witnesses. State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996). Finally, while Baker contacted the Honolulu Police Department (HPD) and made a statement regarding Moon's accusations, the testimony presented by the State supports the court's conclusion that Baker did not, at any time, make the required statutory disclosures to Moon or Kam. Accordingly, we conclude that there was substantial evidence to support the conviction under HRS § 291C-13.

Moreover, there is no requirement that the State prove, as an element, that "Baker knew the stop was 'made without obstructing traffic more than is necessary.'" Instead, the explanatory clause that "[e]very stop must be made without obstructing traffic more than necessary" serves to more clearly define the element that a driver must stop her vehicle "at the scene of the accident or as close thereto as possible," but it does not impose an additional conduct requirement that the State must prove. HRS § 291C-13; see generally State v. Meloche, CAAP-16-0000010, 2016 WL 7175232, *2 (Haw. App. Dec. 8, 2016) (SDO); State v. Davis, CAAP-11-0000509, 2014 WL 4648172, *1 (Haw.

App. Sept. 17, 2014) (SDO). Accordingly, the State was not required to prove that Baker knew she could make the requisite stop without obstructing traffic, but merely that she failed to remain as close as possible to the scene until the specified information was provided to the other driver. Based on the substantial evidence presented by the State as to the elements of the offense, the District Court did not err in entering a guilty verdict against Baker.

(2) Baker contends that the State failed to provide her with adequate notice of the elements and essential facts of the offense in violation of her constitutional rights to due process and a fair trial. Baker asserts that the Complaint and subsequent oral charge "failed to charge, allege, or notice the attendant circumstances element that '[e]very such stop shall be made without obstructing traffic more than is necessary.'"

As noted above, it is not an element of the offense stated in HRS § 291C-13 that the stop at issue was made without obstructing traffic more than is necessary. Thus, the failure to allege this circumstance did not render the Complaint or oral charge defective.

(3-5) In her third, fourth, and fifth points of error, Baker contends that the District Court erred in ordering restitution. Baker argues, *inter alia*, that Moon's damages were not the result of the criminal conduct for which Baker was found guilty, because the motor vehicle accident occurred independently of Baker's offense. This argument has merit.

This court has previously recognized that "the conduct element of [HRS § 291C-13] is failing to immediately stop at the scene of the accident or as close thereto as possible and either remain at or return to the scene until the requirements of HRS § 219C-14 are fulfilled" and concluded that restitution may be ordered "only for losses suffered as a result of the defendant's offense." State v. Preza, CAAP-17-0000521, 2019 WL 245667, *2 (Haw. App. Jan. 17, 2019) (SDO) (emphasis added). Thus, if no evidence is adduced to show that a defendant's failure to stop at or return to the scene contributed to the damage that was caused by the initial accident, the State has failed to meet its burden to establish a causal connection between the restitution requested and the offense charged and the court abuses its discretion in ordering restitution. Id. (citing State v. DeMello, 130 Hawaiʻi 332, 343, 310 P.3d 1033, 1044 (App. 2013), rev'd in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015), and State v. Domingo, 121 Hawaiʻi 191, 195, 216 P.3d 117, 121 (App. 2009)).

Here, although the State argues that Moon has been unable to recover for her losses because of Baker's conduct, it has presented no evidence that Baker's failure to remain at the scene and provide the required information to Moon caused her losses or otherwise contributed to the damage already caused by the initial accident. See id.; Domingo, 121 Hawaiʻi at 194-95, 216 P.3d at 120-21. Thus, the State failed to meet its burden to establish a causal connection between Moon's damages and Baker's offense. Accordingly, the District Court abused its discretion

in ordering restitution and the Restitution Order must be reversed.

For these reasons, the District Court's January 28, 2018 Judgment is affirmed, and the District Court's May 7, 2018 Restitution Order is reversed.

DATED: Honolulu, Hawai'i, April 18, 2019.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge